# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>CHAWEEWAN INDANON,<br><br>    Debtor. | Case No.   04-11346-RGM<br>(Chapter 7) |
| MBNA AMERICA BANK, NA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHAWEEWAN INDANON,<br><br>    Defendant. | Adv. Proc. No. 04-1225 |

## MEMORANDUM OPINION

THIS CASE was before the court on September 19, 2005, for a pre-trial conference. Counsel for MBNA America Bank, NA, stated that he believed that the defendant was in default and that the case need not be set for trial. He also properly advised the court that the summons and notice mailed to the debtor pursuant to F.R.Bankr.P. 7004(b)(9) was returned and that he did not believe that the debtor resided at the address. The address was the address the debtor supplied on a change of address notice filed in the case.

The debtor filed a pro se voluntary petition in bankruptcy pursuant to chapter 7 of the United States Bankruptcy Code on March 26, 2004. The bar date for filing complaints objecting to the dischargeability particular debts was June 21, 2004. The trustee filed a no-asset report on April 22, 2004 and a discharge was granted on June 28, 2004. On April 30, 2004, prior to the granting of the discharge, the debtor filed a change of address with the clerk.

This adversary proceeding was filed on June 17, 2004. Service of the initial summons was quashed by the court sua sponte on November 30, 2004, because the plaintiff mailed the summons to the debtor's initial address, not his new address. The plaintiff served an alias summons on December 13, 2004, again pursuant to F.R.Bankr.P. 7004(b)(9), by mailing a copy to the debtor's last address filed with the clerk. No further action was taken until June 7, 2005, when the plaintiff filed a motion for a default judgment. On June 13, 2005, the case was dismissed for failure to prosecute because the plaintiff failed to appear at the pre-trial conference scheduled for June 13, 2005. The order dismissing the case was vacated on August 1, 2005, and a new pre-trial conference was set for September 19, 2005. At the September 19, 2005 pre-trial conference, plaintiff's counsel advised the court that the mailed summons was returned and that he did not believe that the debtor resided at the address given. The June 7, 2005, motion for a default judgment was never set for a hearing.

Service of a summons by mail pursuant to F.R.Bankr.P. 7004(b)(9) in these circumstances is not sufficient service of process. Due process requires that a defendant be given reasonable notice so that he may have an opportunity to defend the case. Mailing notice to an address that the plaintiff knows is incorrect and knows that the defendant did not receive because the summons was returned to him, does not comply with due process requirements where the debtor may reasonably believe that the case is over and that no additional change of address notice is required. Debtors are instructed to advise the court of all changes of address until the case is closed. The only notice they receive, however, is notice of their discharge. Notice that the case is closed is not given. Most debtors probably are not aware of the difference between the closing of a case and the granting of a discharge. Obtaining a discharge is their objective and the case, as far as they are concerned, is

over particularly when the trustee has filed a no-asset report. Since receiving notice of his discharge about June 28, 2004, the debtor has received no notice from the court. He filed a change of address before his discharge and may have been under the not unreasonable apprehension that notification of any further change of address were unnecessary. Moreover, the plaintiff could have effected proper service in June 2004, but did not. A summons was not mailed to the debtor's last address of record on file with the court until December 2004, and a motion for a default judgment was not filed until June 2005. It could have been filed as early as January 2005. In any event, no hearing was ever requested on the motion. While it is unclear when the debtor moved, it is more likely than not that the plaintiff's delays prejudiced the debtor.

This does not mean that the defendant can avoid service or that the suit cannot go forward. There are other modes of service which do comply with due process other than service provided by mail on a debtor and the plaintiff will be required to serve the defendant by some means other than F.R.Bankr.P. 7004(b)(9) unless the plaintiff obtains the current address of the debtor. The December 13, 2004, service of the summons will be quashed and the motion for a default judgment will be denied. In light of the time that has passed, the court will dismiss the case if the summons is not properly served within 90 days after the date of entry of this order unless an extension is granted to the plaintiff. F.R.Bankr.P. 7004(a) incorporating F.R.Civ.P. 4(m).

    Alexandria, Virginia
    October 5, 2005

                                /s/ Robert G. Mayer
                                Robert G. Mayer
                                United States Bankruptcy Judge

Copy electronically to:

Matthew M. Moore

12437